UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MONICA COOPER o/b/o N.A.C.,          17-CV-1035-MJR
                                           DECISION AND ORDER
                          Plaintiff,

     -v-

COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.
_____

Pursuant to 28 U.S.C. §636(c), the parties consented to have a United States Magistrate Judge conduct all proceedings in this case. (Dkt. No. 11).

Plaintiff Monica Cooper brings this action pursuant to 42 U.S.C. §§405(g) and 1383(c)(3) on behalf of her child, N.A.C., seeking judicial review of the final decision of the Commissioner of Social Security denying N.A.C. Supplemental Security Income Benefits ("SSI") under the Social Security Act (the "Act"). Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the following reasons, Cooper's motion (Dkt. No. 8) is denied and the Commissioner's motion (Dkt. No. 13) is granted.

## BACKGROUND

On October 7, 2014, Cooper filed an SSI application on behalf of N.A.C. alleging that N.A.C. has been disabled since October 1, 2014 due to attention deficit hyperactivity disorder ("ADHD") and an emotional disorder. (*See* Tr. 174-75).[1] Born in 2011, N.A.C. was three-years old at the time of the application. (*See* Tr. 175). The application was denied on January 2, 2015 (Tr. 174-82, 221-26), after which Cooper requested a hearing

---

[1]      References to "Tr." are to the administrative record in this case.

before an Administrative Law Judge (Tr. 183-85). On November 10, 2016, Cooper and N.A.C. appeared with counsel before Administrative Law Judge Michael Carr (the "ALJ") for a hearing. (Tr. 26-50). On February 14, 2017, the ALJ issued his decision denying N.A.C.'s SSI claim. (Tr. 7-25). Cooper requested review by the Appeals Council (Tr. 244-46), but on August 14, 2017, the Appeals Council denied Cooper's request, making the ALJ's decision the final decision of the Commissioner (Tr. 1-6). This action followed.

## DISCUSSION

I.  *Scope of Judicial Review*

The Court's review of the Commissioner's decision is deferential. Under the Act, the Commissioner's factual determinations "shall be conclusive" so long as they are "supported by substantial evidence," 42 U.S.C. §405(g), that is, supported by "such relevant evidence as a reasonable mind might accept as adequate to support [the] conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). "The substantial evidence test applies not only to findings on basic evidentiary facts, but also to inferences and conclusions drawn from the facts." *Smith v. Colvin*, 17 F. Supp. 3d 260, 264 (W.D.N.Y. 2014). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force," the Court may "not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002). Thus, the Court's task is to ask "'whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached' by the Commissioner." *Silvers v. Colvin*, 67 F. Supp. 3d 570, 574 (W.D.N.Y. 2014) (quoting *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)).

Two related rules follow from the Act's standard of review. The first is that "[i]t is the function of the [Commissioner], not [the Court], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983). The second rule is that "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve." *Veino*, 312 F.3d at 588. While the applicable standard of review is deferential, this does not mean that the Commissioner's decision is presumptively correct. The Commissioner's decision is, as described above, subject to remand or reversal if the factual conclusions on which it is based are not supported by substantial evidence. Further, the Commissioner's factual conclusions must be applied to the correct legal standard. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). Failure to apply the correct legal standard is reversible error. *Id.*

II. <u>Standards for Determining "Disability" Under the Act</u>

An individual under the age of eighteen is considered disabled within the meaning of the Act "if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §1382c(a)(3)(C)(i). The Commissioner has set forth a three-step process to determine whether a child is disabled as defined under the Act. *See* 20 C.F.R. §416.924. At step one, the ALJ determines whether the child is engaged in substantial gainful work activity. *Id.* §416.924(b). If so, the child is not disabled. *Id.* If not, the ALJ proceeds to step two and determines whether the child has a medically determinable impairment(s) that is "severe." *Id.* §416.924(c). If the child does not have a severe impairment(s), he or she is not disabled. *Id.* If the child does have a severe

impairment(s), the ALJ continues to step three and examines whether the child's impairment(s) meets, medically equals, or functionally equals the listed impairments in Appendix 1 to Subpart P of Part 404 of the Commissioner's regulations (the "Listings"). *Id.* §416.924(d).  In determining whether an impairment(s) functionally equals the Listings, the ALJ must assess the child's functioning in six domains:  (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for him or herself; and (6) health and physical well-being.  *Id.* §416.926a(b)(1)(i)-(vi).  To functionally equal the Listings, the child's impairment(s) must result in "marked" limitations in two domains or an "extreme" limitation in one domain.  *Id.* §416.926a(a).  A child has a "marked" limitation when his or her impairment(s) "interferes seriously" with his or her ability to independently initiate, sustain, or complete activities.  *Id.* §416.926a(e)(2).  A child has an "extreme" limitation when his or her impairment(s) "interferes very seriously" with his or her ability to independently initiate, sustain, or complete activities.  *Id.* §416.926a(e)(3).  If the child has an impairment(s) that meets, medically equals, or functionally equals the Listings, and the impairment(s) meets the Act's duration requirement, the ALJ will find the child disabled.  *Id.* §416.924(d).

   III.     *The ALJ's Decision*

The ALJ first found that N.A.C. was a "preschooler" on the date of his application and a "school-age child" at the time of the ALJ's decision.  (Tr. 13).  The ALJ then followed the required three-step process for evaluating N.A.C.'s SSI claim.  At the first step, the ALJ found that N.A.C. has not engaged in substantial gainful activity at any time relevant to the ALJ's decision.  (*Id.*).  At the second step, the ALJ determined that N.A.C. has the

following severe impairments: borderline intellectual functioning, hernias, dermatitis, eating disorder, and ADHD. (*Id.*). At the third step, the ALJ found that N.A.C. does not have an impairment or combination of impairments that meets or medically equals one of the Listings, including Listing 112.05 (intellectual disorder). (*Id.*). The ALJ then proceeded to consider whether N.A.C. has an impairment or combination of impairments that functionally equals the Listings, but he concluded that N.A.C. does not because he found that although N.A.C. has a marked limitation in the domain of caring for himself, he has less than marked limitation in the remaining five domains of functioning. (Tr. 13-22). As a result, the ALJ held that N.A.C. has not been disabled within the meaning of the Act since his October 7, 2014 application date. (Tr. 22).

IV. *Cooper's Challenges*

Cooper challenges the Commissioner's disability decision on two grounds: first, that the ALJ failed to assess certain Listings at step three, and second, that the opinion of state agency review physician Dr. J. Meyer (Tr. 178-82), to which the ALJ assigned "great weight" (Tr. 16), does not constitute substantial evidence in support of the ALJ's disability determination. (*See* Dkt. No. 8-1 (Cooper's Memo. of Law)). The Court will address each challenge in turn.

A. *The Listings*

Cooper first argues that the ALJ should have specifically explained why N.A.C. does not meet Listing 112.13 (eating disorders) or Listing 112.14 (developmental disorders in infants and toddlers).

The ALJ considers at step three whether the child's impairment(s) meets or medically equals the listed impairments in Appendix 1 to Subpart P of Part 404 of the

Commissioner's regulations. *See* 20 C.F.R. §416.924(d). However, the ALJ's failure to discuss a specific Listing at step three is not reversible error so long as the Court can "look to other portions of the ALJ's decision and to clearly credible evidence in finding that his determination [to reject a Listing] was supported by substantial evidence." *Salmini v. Comm'r of Soc. Sec.*, 371 F. App'x 109, 112 (2d Cir. 2010) (summary order) (quoting *Berry v. Schweiker*, 675 F.2d 464, 469 (2d Cir. 1982)).

Here, other portions of the ALJ's decision and the evidence of record make clear why the ALJ concluded that N.A.C. does not meet Listing 112.13 (eating disorders) or Listing 112.14 (developmental disorders in infants and toddlers). Listing 112.13 requires, among other things, the claimant to have "[m]edical documentation of a persistent alteration in eating or eating-related behavior that results in a change in consumption or absorption of food and *that significantly impairs physical or psychological health*." 20 C.F.R. Pt. 404, Subpt. P, App. 1 §112.13 (emphasis added). As the ALJ stated in his decision, the nurse practitioner who treated N.A.C.'s eating issues in 2014 did not note any significant physical or psychological consequences resulting from N.A.C.'s eating habits, thus rendering Listing 112.13 inapplicable. (Tr. 14 *referring to* Tr. 359-65). As for Listing 112.14, that Listing applies only to children "from birth to attainment of age 3." 20 C.F.R. Pt. 404, Subpt. P, App. 1 §112.00(A)(1). The ALJ wrote in his decision that N.A.C. was born on February 10, 2011 (Tr. 13), making him more than three-years old at the time of his alleged onset date and application. Thus, Listing 112.14 plainly does not apply here, and the ALJ's decision to reject that Listing without further discussion is not

reversible error.[2]  Accordingly, for these reasons, Cooper's first objection to the ALJ's disability decision is without merit.

      B.  *Dr. Meyer's Opinion*

Cooper next argues that the ALJ incorrectly relied upon Dr. Meyer's December 30, 2014 opinion in concluding that N.A.C. has less than marked limitation in the domains of interacting and relating with others and moving about and manipulating objects.

      1.  *Interacting and Relating with Others*

Cooper contends that the ALJ incorrectly relied upon Dr. Meyer's opinion that N.A.C. has less than marked limitation in the domain of interacting and relating with others because N.A.C. displayed behavioral problems after Dr. Meyer rendered her opinion that give rise to a marked limitation in this domain.  Cooper specifically points to treatment N.A.C. received at the Children's Psychiatry Clinic in 2015 and 2016 (Tr. 432-34, 473-86), a 2016 letter from a social worker at the Children's Psychiatry Clinic indicating that N.A.C. has been diagnosed with ADHD and likely needs "multiple supports in his educational placement in order to function both academically and socially" (Tr. 470), and an undated letter from N.A.C.'s elementary school explaining that N.A.C. had difficulty transitioning to kindergarten in the fall of 2016 (Tr. 472).  The ALJ, however, distinguished the foregoing evidence and pointed to other evidence in the record from after Dr. Meyer's opinion that undermines Cooper's argument that N.A.C. has a marked limitation in this domain.  As explained by the ALJ, although the Children's Psychiatry Clinic notes suggest

---

[2]    Cooper also argues that the ALJ should have expressly considered whether N.A.C.'s ADHD meets a Listing.  The ALJ cannot, however, be faulted for declining to do so given that Cooper herself has neither identified a specific Listing that might pertain to N.A.C.'s ADHD nor set forth any explanation as to why N.A.C. meets such a Listing.  *See Rice ex rel. T.C.K. v. Astrue*, 32 F. Supp. 3d 113, 122 (N.D.N.Y. 2012) ("The claimant bears the burden of establishing that his or her impairments match a Listing or are equal in severity to a Listing.").

some behavioral issues, they also indicate that N.A.C.'s home environment and noncompliance with treatment significantly contributed to these issues. (Tr. 15 *referring to* Tr. 473-86). The ALJ also correctly noted that N.A.C. discontinued treatment at the Children's Psychiatry Clinic in part because Cooper believed his condition to be "stable." (Tr. 15 *referring to* Tr. 474). As for N.A.C.'s issues at school, the ALJ acknowledged that N.A.C. struggled when beginning kindergarten (Tr. 14 *referring to* Tr. 472), but the ALJ went on to explain how N.A.C. showed some improvement a few months later (Tr. 15 *referring to* Tr. 487-500). Combined with Dr. Meyer's opinion, the foregoing evidence supports the ALJ's conclusion that N.A.C. has less than marked limitation in the domain of interacting and relating with others. *See Frye ex rel. A.O. v. Astrue*, 485 F. App'x 484, 487 (2d Cir. 2012) (summary order) ("The report of a State agency medical consultant constitutes expert opinion evidence which can be given weight if supported by medical evidence in the record.").

### 2. *Moving About and Manipulating Objects*

Cooper contends that Dr. Meyer's opinion actually undermines the ALJ's conclusion that N.A.C. does not have a marked limitation in the domain of moving about and manipulating objects.[3] The ALJ, however, relied on more than Dr. Meyer's opinion in concluding that N.A.C. has less than marked limitation in this domain. Specifically, the ALJ cited records from N.A.C.'s pediatrician indicating unremarkable reviews of N.A.C.'s gross motor, fine motor, and language skills at his four-year old and five-year old check-ups. (Tr. 14, 20 *referring to* Tr. 423-68). The ALJ also relied upon the pediatrician's

---

[3] Dr. Meyer gave the following opinion under the domain of moving about and manipulating objects: "Occupational evaluation 10/7/14 found severely delayed fine motor skills and a severe delay in overall sensory processing skills. He scored a PDMS – 2 FMQ73. Child receives individual OT 3x weekly for 30 minutes." (Tr. 179).

finding that N.A.C. is capable of scribbling with an adaptive writing instrument. (Tr. 20 *referring to* Tr. 429). These records provide the requisite support for the ALJ's conclusion that N.A.C. has some limitation, but not a marked limitation, in moving about and manipulating objects. Accordingly, Cooper's second objection to the ALJ's disability decision is likewise without merit.

## **CONCLUSION**

For the foregoing reasons, Cooper's motion for judgment on the pleadings (Dkt. No. 8) is denied and the Commissioner's motion for judgment on the pleadings (Dkt. No. 13) is granted.

The Clerk of Court shall take all steps necessary to close this case.

**SO ORDERED.**

Dated: February 26, 2019
Buffalo, New York

*/s/ Michael J. Roemer*
MICHAEL J. ROEMER
United States Magistrate Judge